UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELISSA BARTH,

      Plaintiff,

v.                               Case No.:  6:20-cv-2086-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff Melissa Barth seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.      Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on September 6, 2017, alleging disability beginning June 8, 2017. (Tr. 80, 207-208). The application was denied initially on November 17, 2017, and on reconsideration on February 13, 2018. (Tr. 80, 98). Plaintiff requested a hearing and a hearing was held on October 1, 2019, before Administrative Law Judge ("ALJ") Mary Ellis Richardson. (Tr. 32-67). On January 24, 2020, the ALJ entered a decision finding Plaintiff not disabled from June 8, 2017, the alleged onset date, through March 31, 2019, the date last insured. (Tr. 15-25).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on September 11, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on November 11, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

## D.      Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2019. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of June 8, 2017, through the date last insured of March 31, 2019. (Tr. 17). At step two, the ALJ found that through the

date last insured, Plaintiff had the following severe impairments: "lumbar spine degenerative disc disease status post sacroiliac joint fusion; obesity; hypertension; depression; attention deficit hyperactivity disorder (ADHD); and anxiety." (Tr. 18). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, scaffolds, and ropes. She should avoid all exposure to workplace hazards and should avoid concentrated exposure to vibration. She can perform simple tasks, where interaction with coworkers and supervisors is occasional with no interaction with the public and where changes in the workplace are occasional.

(Tr. 19-20). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a cake decorator.(Tr. 23-24).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (49 on the date last insured), education (at least high school), work experience, and RFC, there are jobs that exist in significant numbers

in the national economy that Plaintiff could perform. (Tr. 24-25). Specifically, the ALJ found that Plaintiff could perform such occupations as:

    (1)   production inspector, DOT[1] 529.687-114, light, unskilled

    (2)   hand packer, DOT 920.687-026, light, unskilled

    (3)   production laborer, DOT 222.687-014, light, unskilled.

(Tr. 24-25). The ALJ concluded that Plaintiff had not been under a disability from June 8, 2017, the alleged onset date, through March 31, 2019, the date last insured. (Tr. 25).

## II.    Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ gave sufficient justification for rejecting Plaintiff's testimony about her pain. (Doc. 20, p. 9). Plaintiff argues that while the ALJ provided an extensive summary of the treatment notes, she offered little analysis as to how these records were inconsistent with Plaintiff's testimony concerning her subjective complaints of pain. (Doc. 20, p. 10). The Commissioner contends that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not supported by the evidence of record to the degree alleged. (Doc. 22, p. 7).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ must consider these factors given all of the evidence of record. *Ross*, 794 F. App'x 867. And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395

F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ considered Plaintiff's subjective complaints. (Tr. 20). The ALJ noted that Plaintiff claimed her impairments and symptoms limited her ability to walk more than five to ten minutes, stand for ten to fifteen minutes, kneel, twist, bend, squat, climb ladders, lift and carry, concentrate, remember, and complete tasks. (Tr. 20). The ALJ also noted that Plaintiff can drive, occasionally prepare simple meals, shop online and by telephone, and talk to family daily. (Tr. 20).

After consideration of Plaintiff's allegations, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence of record "for the reasons explained in this decision." (Tr. 20). The ALJ then summarized the objective medical tests and treatment records

as to both Plaintiff's physical and mental impairments. (Tr. 20-23). After the

summary, the ALJ found the following:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are not supported by the overall evidence of record to the degree alleged. For example, her provider has encouraged the claimant to engage in 150 minutes of moderate exercise weekly (B18F/8). In addition, the claimant's physical therapy provider noted that the claimant was performing weight training exercises for her trunk using 60 pounds (B11F/1).

(Tr. 23). The ALJ then concluded: "[i]n sum, the above residual functional capacity

is based on objective medical evidence, the treatment notes, and the claimant's

activities. This evidence does not provide a basis for finding limitations greater than

those determined in this decision. As the residual functional capacity reflects, the

claimant's conditions fall short of being disabling under disability laws." (Tr. 23).

The Commissioner argues that the evidence of record does not support the

limiting affects of her symptoms to the degree alleged. (Doc. 22, p. 7). The

Commissioner asserts that the MRI imaging of Plaintiff's lumbar spine showed some

abnormalities as the ALJ discussed, but Plaintiff had negative straight leg raising for

sciatic irritation, ambulated fairly smoothly, and her hip range of motion

demonstrated symmetry without discomfort. (Doc. 22, p. 7-8). Referring to the

ALJ's decision, the Commissioner found the ALJ noted that in March 2018

Plaintiff's musculoskeletal examination revealed normal motor strength and tone,

normal movement of all extremities, no edema, and normal curvature of the back, and in October 2018 she seemed to be doing well on her own. (Doc. 22, p. 7-8).

While the ALJ did include these findings in the decision, she did not refer to these findings when providing the reasons to discount Plaintiff's statements. (Tr. 23). In finding Plaintiff's subjective complaints inconsistent with the evidence, the ALJ only referenced two statements in two treatment records – one in which her medical provider encouraged her to engage in moderate exercise for 150 minutes per week, and another from her physical therapy provider that showed Plaintiff performed weight training exercises for her trunk using 60 pounds. (Tr. 23). The Commissioner argues that although not dispositive, these activities show that Plaintiff is not as limited as alleged. (Doc. 22, p. 9). Even though Plaintiff complained of lower back pain, the Commissioner argues Plaintiff performed weight-training exercises for her trunk using 60 pounds. (Doc. 22, p. 9). And despite her allegation that she could walk no more than ten minutes, a medical source encouraged her to engage in 150 minutes of moderate exercise weekly. (Doc. 22, p. 10). The Commissioner also cites the ALJ's finding that Plaintiff could drive, occasionally prepare simple meals, shop online and by telephone, and talk to family daily. (Doc. 22, p. 10).

The two statements regarding exercise do not provide adequate reasons for finding Plaintiff's statements about the intensity, persistence, and limiting effects of

her symptoms not supported by the evidence of record. The March 2019 record from the physical therapist shows that Plaintiff performed weight training exercises for the trunk using 60 pounds, but performed only 1 set of isotonic exercises for the lumbosacral spine of 15 repetition and for 1.41 minutes. (Tr. 538). The ALJ failed to explain why this one physical therapy note conflicts with Plaintiff's subjective complaints to such as extent as to find them unsupported by the evidence. The second medical record was a recommendation from Plaintiff's physician to have a goal of 150 minutes of moderate exercise per week. Even if Plaintiff would reach this goal, the goal is less than 30 minutes per day. (Tr. 734). The ALJ did not provide any reasons why having this goal conflicts with Plaintiff's statements concerning her limitations as to walking and standing or being able to perform work at a light exertional level.[2] Here, the ALJ failed to clearly articulate or explain how these two references to exercise and an exercise goal amount to adequate reasons to find Plaintiff's subjective symptoms inconsistent with the extensive medical records.

Plaintiff also argues that she received relatively strong treatment for pain. (Doc. 20, p. 14). Plaintiff explains that prior to the alleged onset date, she underwent a sacroiliac joint fusion, but it did not relieve her pain. (Doc. 20, p. 14). After this fusion, Plaintiff's treatment included opioid pain medications, disc bloc injections,

---

[2] The regulations define "light work" as requiring a "good deal of walking or standing." 20 C.F.R. § 404.1567(b).

and epidural steroid injections. (Doc. 20, p. 15-16). Plaintiff argues the treatment notes show that she continued to suffer from pain despite her medications and her back pain did not improve despite the injections and strong medications. (Doc. 20, p. 15). The Commissioner contends that the ALJ cited 20 C.F.R. § 404.1529 in the decision and correctly considered Plaintiff's subjective complaints in relation to the evidence. (Doc. 22, p. 11 (citing Tr. 20-23)).

A factor an ALJ should consider is the type, dosage, effectiveness, and side effects of any medication to alleviate pain. 20 C.F.R. § 404.1529(c)(3). In the decision, the ALJ briefly mentioned that Plaintiff was prescribed medication for pain. (Tr. 20). And she noted that at one point in September 2018, Plaintiff reported she was doing well with her pain management physician and was gradually decreasing her doses of narcotic medication. (Tr. 21). Otherwise, the ALJ did not discuss Plaintiff's pain medications, dosage, effectiveness, or side effects.

The treatment notes reflect that in June 2017, Shariq Latif, M.D. at Afa Pain Specialists prescribed Oxycodone both in extended-release tablets, and regular tablets. (Tr. 446). And Oxycodone continued to be prescribed for Plaintiff through at least July 2019. (*See e.g.*, Tr. 426, 430, 435, 442, 482, 500, 506, 512, 605, 611).[3] These strong opioid prescriptions arguably indicate that Plaintiff's pain management medical providers considered Plaintiff to have significant pain. Plaintiff also testified

---

[3] At times, Plaintiff was also prescribed Oxycontin. (*See e.g.*, Tr. 482, 500).

that the side effects of the medications – another factor for the ALJ to consider – caused her mood swings, grogginess, and sleepiness, which resulted in her wanting to sleep all day. (Tr. 57-58). In the decision, the ALJ failed to consider how Plaintiff's strong pain medication prescriptions supported her subjective statements of pain or how these medications and their side effects impacted her abilities to perform work at light level with some limitations.

The Court recognizes that it may not reweigh the evidence or substitute its judgment for that of the ALJ. *See Winschel*, 631, F.3d at 1178. In this case, however, considering the evidence as a whole, the ALJ failed to adequately consider Plaintiff's subjective complaints given Plaintiff's pain medication and its side effects, and failed to articulate adequate reasons to find Plaintiff's subjective complaints of pain unsupported by the record.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's subjective complaints in conjunction with the medical and other evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January14, 2022.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties